STATE OF MAINE                          SUPERIOR COURT
HANCOCK, ss                             DOCKET NO. RE-07-86

                                        KMC -HAN- 3/19/2010


KATHARINE FALT
        Plaintiff

                                        RECEIVED & FILED

                                        MAR 19 2010

                                        HANCOCK COUNTY
                                           COURTS
        V.


CAROL DRUMMND
        Defendant


DECISION AND ORDER

        This matter was tried to the Court on March 17, 2010, jury waived, following an assignment of this matter from the District to the Superior Court on October 21, 2008.

        Plaintiff's complaint alleged theories of recovery under common law trespass (Count 1), statutory trespass (Count 2), conversion (Count 3), declaratory judgment (Count 4) and temporary and permanent injunction (Count 5).

        Defendant answered and filed a counterclaim seeking to quiet title by way of declaratory judgment (Count1) and boundary by acquiescence.

Facts

        Plaintiff acquired her property in Southwest Harbor, Maine, by deed dated November 10, 1981. The northeast corner of Plaintiff's property for a distance of 34.87 feet (Plaintiff's Exhibit 3 — survey plan of Michael Avery, CES), adjoined property formerly owned by John and Anna Wellington, which Plaintiff purchased in May of 2002[1].

---

[1]  Plaintiff's deed is to herself and her husband, from whom she subsequently divorced and received his deeded interest. Plaintiff's immediate grantor, Charles Johnston, received his interest in the property from a deed of distribution from Anna Wellington.

1

At the time of her purchase, Defendant described this property as a "jungle" and unkempt. She caused it to be cleared promptly and began the process of planting trees and flowers. One of the areas she cleared and replanted was behind her garage. At the time of her purchase, Defendant had walked the area of her property and believed that the area she was clearing and replanting was part of the property she had purchased. At the time of her purchase, Defendant lived in Virginia and traveled to Maine each summer to oversee and participate in the planting of flowers and bushes on what she believed to be her property, particularly the area behind her garage along the 34.87 feet boundary with the Wellingtons and subsequently the Plaintiff.

In 1985 she put up a fence around the boundary of her property, including the area she had planted along the 34.87 feet adjoining the Plaintiff's property which the Plaintiff claims and which is the subject of this litigation.

Defendant denied that anyone questioned her boundary or the occupancy of land behind her garage where she had planted flowers and buried several pet cats, understanding it to be her property. Defendant did acknowledge, however, that she spoke with her neighbor Mrs. Wellington about her boundary and that she received an October 14, 1998 letter from attorney Jeffrey Jones on behalf of the Wellingtons advising Defendant that "I do think it important to point out to you, however, that you are using this area as a garden with the Wellingtons permission, and such use, no matter how long it continues (and no matter how large the fruit trees grow) does not give you any legal rights over that portion of the Wellington's property where it is located." Defendant acknowledged that she took no action in response to this letter nor did she take any action in response to a similar letter from counsel for Plaintiff sent in 2006.

## Discussion

Defendant responds to Plaintiff's claims of land ownership by (1) argument that she has acquired adverse possession over the property in question or (2) that she has acquired boundary by acquiescence.

2

## Adverse Possession

"A party claiming title by adverse possession pursuant to the common law must prove by a preponderance of the evidence that its possession and use of the property were: (1) "actual"; (2) "open"; (3) "visible"; (4) "notorious"; (5) "hostile"; (6) "under a claim of right"; (7) "continuous"; (8) "exclusive"; and (9) of a duration exceeding the twenty-year limitations period." *Striefel v. Charles-Keyt-Leaman*, 1999 ME 111, ¶6, 733 A.2d 984, 989. The proponent must prove each of the elements. *Id.* It is the law that "permission negates the element of hostility, and precludes the acquisition of title by adverse possession. *Id.* The earliest Plaintiff's claim would have arisen by her actions would have been in 1982 according to her testimony and the latest would have been 1985 when the perimeter fence was installed. Either way, her 'understanding' in 1998 that her neighbors (Wellington's) were allowing her to occupy the contested land "by permission" defeats her claim of ownership of the disputed property by adverse possession.


## Title by Acquiescence

The requirements for boundary by acquiescence are to show: (1) possession up to a visible line marked clearly by monuments, fences or the like;
(2) actual or constructive notice to the adjoining landowner of the possession;
(3) conduct by the adjoining landowner from which recognition and acquiescence not induced by fraud or mistake may be fairly inferred;
(4) acquiescence for a long period of years such that the policy behind the doctrine of acquiescence is well served by recognizing the boundary.
*Marja Corp. v. Allain, 622 A.2d 1182 (Me. 1993)*

The party asserting the claim of boundary by acquiescence bears the burden of proof by clear and convincing evidence. Id. In evaluating the evidence the Court is persuaded that Defendant possessed the property in question up to the clearly marked fence she installed in 1985. However, it is likewise clear to the Court that having put her neighbors on notice of her possession claim, their conduct was to dispute that claim as communicated by their attorney to the Defendant, which communication she acknowledged in her testimony. Defendant has failed to

3

demonstrate by clear and convincing evidence that she acquired titled to the disputed piece of property by acquiescence of the Wellingtons or the Plaintiff.

ORDER

Having evaluated the credibility of the parties, the evidence from the testimony and exhibits the Court finds that Plaintiff is the owner of the disputed property based on her deeds and the CES survey plan in evidence. It is ORDERED that the location of the 34.87 feet boundary between the property of the Plaintiff and Defendant is as indicated on the Michael Avery CES survey (Plaintiff's Exhibit 3).

Counts 1, common law trespass

The Court finds for the Plaintiff on Count 1 and awards damages against the Defendant in the amount of $1 for trespass between 2002 and the date of this decision, there being no evidence of special damages. Given the disputed nature of the ownership, the Court does not consider this a continuing trespass up to the point of this decision in terms of ongoing damages but does not preclude the Plaintiff from making such a claim should the trespass not be promptly and satisfactorily abated.

The Court ORDERS Defendant to remove her fence at her expense, including any supports or poles on which the fence rests or is supported, as currently located on the Plaintiff's property as defined by the CES/Avery survey (Plaintiff's Exhibit 3) and, thereafter, not to trespass on Plaintiff's property located to the east of Defendant's property along the 34.87 feet representing her property line and that of the Plaintiff as identified in the CES/Avery survey. Plaintiff shall leave no holes in the ground or any residue reflecting that the fence had been located on Plaintiff's property. The Court finds for Plaintiff, with costs on Count 1. The Court specifically finds that the common boundary along the 34.87 feet between the Plaintiff's property and the Defendant's property is the line as it appears on the CES/Avery survey (Plaintiff's Exhibit 3).

4

## Count 2, statutory trespass

Plaintiff has failed to prove the allegations in Count 2 for recovery under 14 M.R.S.A. 7552(2). The Court finds for the Defendant on Count 2, without costs.

## Count 3, Conversion

The Court previously dismissed this claim.

## Count 4, declaratory judgment

The Court finds for Plaintiff as indicated above, with costs.

## Count 5, injunction

With the exception of the affirmative relief Ordered in connection with declaratory judgment decision, the Court is satisfied that there is an adequate remedy at law and finds for the Defendant on Count 5, without costs.

## Counterclaim, Count 1 adverse possession

For the reasons stated above, the court finds for the Plaintiff on Count 1 of the counterclaim, finding that the Defendant has failed in her burden of proof.

## Counterclaim, Count 2 boundary by acquiescence

The court finds for the Plaintiff on Count 2 of the counterclaim, finding that the Defendant has failed in her burden of proof.

At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a) M.R.Civ.P.

March 19, 2010

Kevin M. Cuddy
Justice, Superior Court

5

KATHERINE N FALT   - PLAINTIFF                              DISTRICT COURT
                                                           ELLSWORTH
Attorney for: KATHERINE N FALT                             Docket No   ELLDC-RE-2007-00086
MICHAEL L ROSS   - WITHDRAWN 07/28/2009
LAW OFFICE OF MICHAEL ROSS                                 **DOCKET RECORD**
PO BOX 1123
ELLSWORTH ME 04605

Attorney for: KATHERINE N FALT
ALISON KING   - WITHDRAWN 07/28/2009
HALE & HAMLIN
PO BOX 729
ELLSWORTH ME 04605

Attorney for: KATHERINE N FALT
PATRICK STRAWBRIDGE   - WITHDRAWN 07/28/2009
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


vs
CAROL DRUMMOND   - DEFENDANT

Attorney for: CAROL DRUMMOND
CHARLES GILBERT III - RETAINED 08/17/2007
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339


Filing Document: COMPLAINT                    Minor Case Type: TRESPASS
Filing Date: 08/23/2007